Good morning, Your Honors. I'm Zachary Nightingale for Petitioner Chung Lee, who's in court today, along with co-counsel Megan Furstenfeld-Torres and Mark Vanderhout. I do plan to reserve five minutes at the end. This case involves a lawful permanent resident, lived in the United States for 25 years, criminal conviction. The question is whether or not that conviction amounts to an aggravated felony that results in deportation. And in turn, that has to do with the amount of money that was involved in the crime. Correct. He was found guilty of Count 8, among other things, correct? Correct. Count 8 involved two items, one of which was $113,000 and another of which was $134,000. And he was found guilty of Count 8. How is it possible for that conviction, even without any of the others, to be less than $10,000? It's possible, Your Honor, because the long-standing criminal law principles of variance and surplusage mean that when a jury convicts, as opposed to a guilty plea, in this case it was a jury conviction, this Court actually, Judge Wallace wrote the decision in Garcia-Paz only two years ago, the evidence presented at trial need not match the factual allegations in the charging document in order for a jury to convict. And in this case, the question of the amount of loss is not an element of the statute they are convicting under. And therefore, whatever evidence that may or may not have been presented at trial regarding the dollar amount involved, the jury need not have unanimously agreed on that. They need not even have found it to be true in order to convict of the fraud, find the fraud element to be true, which is all they needed for a conviction. And how is that consistent, though, with Alvarez, your argument? Alvarez, I believe, is not precedent for two reasons and doesn't apply for two reasons. Alvarez is not precedent because, number one, they didn't consider this variance issue when they reached their decision. And if the issue isn't litigated and considered, it shouldn't be presidential, this Court's cases have held. And second of all, there have been several decisions, including the en banc Corona-Sanchez, that have come down after Alvarez where they applied that principle. But even if the Court finds Alvarez is good precedent, Alvarez is factually distinct. Alvarez explicitly involved a jury verdict form. Here it's a judgment produced by the court administrator. It doesn't reflect the facts that the jury found to be true. And also, the jury verdict form in Alvarez is not much of a form. And it specifically said in Alvarez that they found guilt as charged in, in that case, the indictment. There's no evidence that this form, which is not even a jury verdict form, says the guilt was found as charged, in this case, the superseding information. It merely says the counts and the statute. It's a pretty meaningless language, as charged in information. It could just mean, it certainly doesn't mean, it certainly doesn't need to mean they found every word in the information to be true. It's not clear in the Alvarez case what the document was exactly, whether it was a specific jury form or not. But when this Court revisited the issue a year after Alvarez and Parker, Parker unequivocally said, we hold that there must be evidence of what the jury found to be true. And they said. And that's why I guess I don't understand why this isn't evidence of what the jury found to be true when it says that the defendant was found guilty of counts one through eight of the superseding indictment. That was, since it was a jury trial, we know that, that implicitly that says was found guilty by the jury of counts one through eight. Correct. But, Your Honor, with all due respect, it would say that no matter what facts the jury found to be true. In other words, the jury might have agreed he's guilty under count eight because there was a, they found true that he engaged in fraud. They could have said that contract wasn't a $100,000 contract. It was a $5,000 contract. But it's still fraud. So we're convicting him as in count eight. And if that's what the jury believes. We don't have instructions in this case. Correct. The burden is on the government to prove deportability. The government didn't provide any additional doubts. I wasn't by me for it. I'm just making use of facts. Okay. That's true, Your Honor. It's not on the record. Correct. Let's say there were or, you know, it's a word to remand and instructions were put in. Do you believe that the instructions would help? And if so, under what circumstances? What would the instructions have to say to be relevant? The instructions would help in the sense that those are the crucial documents that would indicate what facts the jury was required to find to be true in order to convict. So they would be helpful to determine whether or not the jury. The instructions said something like as to count eight, you are required to find, you know, these are the elements of the offense. And you're also required, you're not required to find any amount of loss. That would help, Your Honor, because it would make clear that there's no evidence this is an aggravated felony. Because the jury was not required to find $10,000 or more. What if the instructions said, and I realize this is sort of going to have to, I'm trying to sort of figure out what it is that jury instructions could do. In light of what we know, jury instructions sometimes say, you know, sort of, sometimes they'll say you need to find loss as charged in the information. Would that help? Would that be dispositive, you think? Well, it would certainly be indicative that if the jury was told they had to find loss. But that would be a lot closer to. . . It would be a lot closer to what is required. Alvarez. Correct. There are also. . . You could still argue that under Corona-Sanchez, it wouldn't be enough, right? Well, Corona-Sanchez indicates you need to find what the jury found to be factually true. And all the case law, including Corona-Sanchez, suggests that the jury instructions are sufficient to make that determination. Parker left open the possibility of a special jury verdict form that might have factual questions that have to be answered. That would also be another kind of document that would indicate that. But realistically, it would be almost unthinkable that you'd have a jury form that would require the jury to find an element that is not part of the offense, namely the amount of loss. The government would jump up and down and object furiously to any instruction like that or to any jury form like that because, of course, they then have the burden of proving something that the statute doesn't require. Well, Your Honor. So realistically, we're not going to find a case like that. Parker actually addressed that scenario. And they said that whatever rule is adopted, whether requiring the jury instructions or not, one part or the other would be in a more difficult situation. They determined that it's better that somebody not be in that case convicted or here deported over something they weren't necessarily convicted of than somebody let off for something they actually were convicted of. And so that principle means that the burden should be on the government to find the evidence if they're charging that it's an aggravated felony. And some cases will have that evidence and some cases won't. But it's up to the government to obtain the evidence and present it in the immigration context. So is it your position that the modified categorical approach cannot apply at all, or simply that it applies but the government hasn't met its burden in this instance? The latter, Your Honor. We all agree the modified categorical approach applies. I wanted to make sure. Thank you. Because I wasn't following you. The question then is, it says the evidence that the government has presented to do that modified categorical analysis, is that evidence sufficient? And there are plenty of hypotheticals one way or the other about whether the evidence is sufficient or not. And it's common in immigration courts, before it reaches this court, that the evidence the government presents isn't sufficient and the judge simply terminates. Sometimes the judge grants a continuance to allow the INS, or in this case DHS, to get more evidence. And they come back with additional evidence. And sometimes that evidence is sufficient and sometimes it's not. And your position is that the sentence itself is not evidence because it's possible that the judge, but not the jury, concluded that that was the amount of loss? Correct. This Court considered whether a pre-sentencing report could be reviewed to make this determination. And this Court, in Horta-Guevara, I'm sorry, Larich-Cohen, said it cannot because the evidence there is not inherently reliable any more than this judgment is inherently reliable of what the jury found to be true. I'm asking a slightly different question. The sentence imposed is imposed by the court. It's not a pre-sentence report. And the sentence imposed in this case, because of the category, the level of the offense, necessarily involved a loss way beyond $10,000. That just we know that by looking at the sentencing guidelines and at the selection that was made of the category. And I take it your position is that that's not good enough either, but I'd like to know why that is so. The sentence If you look at page 6 of the judgment, it contains the sentence, the total offense level is 19. And the only way you can get to a total offense level of 19 for fraud, I had a calculation here someplace. Trust me, just be able to work this out. The offense level of 19 could apply only if the total amount of loss is between $200,000 and $400,000, because the base offense level is 7, and the loss of 200 to 400 adds 12 points for a total of 19. So that's the only way you could get there. So the district judge must have found that the loss was in the range of Judge Graber just told you, which is way over $10,000. A judicial finding. I understand that. Which is different than the PSR, but I understand you to be saying that's still the judge, that's not the jury. Correct. If you look at the repeated language of all the cases, actually from Alvarez, Parker, Corona-Sanchez, they all refer to the jury as the finder of fact. And they all refer to the facts the jury must have found to be true. So the first response I would answer to that. It doesn't matter what defendant did. It matters what he was actually convicted of. Exactly correct. And convicted of can only be done by the file of fact in the file. Correct. Correct. And I would also note that in this case there was actually, and I don't know if it's part of this record, it relates to his argument on relief, which is not before this Court, there was actually a stipulation with the government regarding the sentence, and I believe the sentence imposed was significantly less. It was. And that agreement to depart downward doesn't take away from the question that I was asking, which is that the place it starts presumes that there's a case law. Right. So in addition to the fact that, as we just discussed, it's a jury determination rather than a court's determination that is relevant under all the case law, we also don't exactly know, besides the calculations that you just went through and the fact that you're here, we don't know exactly what was the basis of the court's determination. In practice, it's probably the pre-sentencing report. Well, it doesn't truly matter, does it? I mean, if the judge's determination is sufficient, and since you haven't managed to overturn that judgment, it stands. It's binding on your client. So if it's sufficient, we assume that it was based on evidence in the record, that either a pre-sentence report which wasn't challenged or a pre-sentence report that was challenged, and then the district court provided an opportunity for the parties to present evidence. But whatever it was, it's a determination which is now conclusive. So you really can't undermine it by saying we don't know how, you know, whether the judge swept the coin. That's not going to work. Well, understood, Your Honor. I would still say that it's ---- Six minutes and 21 seconds. Thank you. I will just respond that none of the case law that has addressed this situation has ever considered looking at other evidence other than what the jury found to be true. We like to provide new challenges for counsel. I'll reserve the remainder of my time unless there's more questions. Okay. We'll hear from the government. May it please the Court, my name is Jennifer Pazner on behalf of Respondent, United States Attorney General John Ashcroft. The documents in the record clearly demonstrate that Mr. Lee was charged with offenses involving fraud or deceit in which the loss to the government amounted to nearly $5 million, that the jury came back with a verdict of guilty as to specifically all eight counts of the indictment, and that Mr. Lee was given an enhanced sentence based upon the element of loss to the government. The amount of loss is not part of any of the counts of which he was charged. In fact, there need have been no loss at all. That's right. As this Court has recognized, that's why the inquiry in this case is the modified categorical approach rather than the categorical approach. It's not dispositive that the amount of loss ---- So we can't infer from the mere fact of conviction that the jury found to be true. The jury found any loss at all. You can in this case. And the reason that you can in this case, as this Court recognized in Alvarez and as it also recognized in Parker, the eight counts of the indictment specifically referenced in numerous locations, including in count eight, specific allegations of loss of over $10,000. So what? At the time the case is tried in the jury, let's say the government did not present any evidence as to the amount of loss, would the defendant have been able to get a directed verdict, 41B, I forget what the rule was in the criminal cases, and then the government case is saying, Your Honor, we get a directed verdict of acquittal because the government has failed to produce any evidence of loss to the government. Would that have been successful? I don't know, but that's not what happened here. And this ---- It's your job to know. What do you mean you don't know? What kind of answer is that? It's not what happened. The evidence of record doesn't indicate that that's what happened in this case. Counsel, that's not ---- I think you can answer that one. The government can convict without any evidence of the amount that was lost. The government can convict on that basis. Well, that's right. The government could have convicted. It was not required to present even an iota of evidence of damages, of actual loss. In fact, it would have been foolish for it to do so, and quite possibly had it tried to prove the amount of loss, the defendant could have objected on four or three grounds as being of marginal relevance and unduly prejudicial. But whatever ---- I see these things are ---- criminal law is not the authority, I think. The whole ---- But the amount of loss simply was not an issue in the criminal ---- would not have been an issue in the criminal case, and it's not clear that the evidence would even have been admissible. It wasn't an element of the offenses charged. As this Court has ---- That's usually how relevance is determined when a party wishes to introduce evidence in a trial. Usually, if there's an objection based on relevance grounds, the party proffering the evidence would say this is relevant to the following element of the offense or the following issue, which is since damage is not an issue in a ---- in any of these charges, why would the government have been allowed to or bothered to present evidence as to the amount of loss? This Court ---- as this Court has recognized, in review in this kind of case, what it looks at is what the documents in the record indicate was found by the jury. The whole basis of the modified categorical approach is that ---- Of course, that's what we're doing here. If there was no evidence presented to the jury as to damage, as to loss, then there's no way on earth it could have found this. It's exactly what my questions go to. The question of whether or not evidence could have been or would have been or should have been or might have been presented to the jury as to the amount of loss. And you haven't said a single thing that persuades me that damages or loss could have been litigated or wouldn't have been litigated or certainly were litigated in the criminal case. Well, we don't have the trial transcript. In fact, this Court has recognized that it wouldn't look at the trial transcript. What this Court looks at is the criminal, in this case the superseding information, which includes allegations as part of the counts of the amount of loss. Then the trial happens, and what you have is a jury verdict that doesn't ---- Let me then go to the jury instructions. You don't have the jury instructions in this case. No. Do you think that ---- What do you think the jury instructions would have had to say in order to satisfy your burden? Let's say we have the jury instructions here. And what would the judge have had to instruct the jury in order to help your case or to make your ---- to fulfill what you need to show in this case? Well, we don't believe the jury instructions are necessary here. The jury instructions wouldn't necessarily have included ---- They might or they might not have included amount of loss. It wasn't necessary to a conviction for the instructions to include amount of loss. And if the judge had said to the jury, I instruct you that you must find this amount of loss, the government would have bitterly objected. Say, Your Honor, you are requiring the jury to make findings on an element that's not in the crime, that's not part of the offense. And we didn't present evidence. We didn't know we had the burden to prove this. So how could you possibly ask the jury to make ---- You're adding an element to the offense. The government would have objected. Well, under the ---- So we know pretty sure, as sure as we can know anything without actually reading what the judge says, that the jury was not instructed to find the amount of loss. Well, we don't know that. What we do know is that this Court ---- We can be fairly sure. This Court has recognized that ---- What that means is that the jury could have convicted a defendant of an element of an aggravated felony that is not necessarily an element of the statutory offense. So that's what this ---- I know you say there are many cases, but I can't think of a single one. Why don't you give me a case that says what you just said? Alvarez-Garcia. Opposing counsel suggests for some reason that that's not good law in this Court. The case says ---- We do have the intervening and bang decision in Corona-Sanchez. Incorrect, in my view. I dissented, but nevertheless ---- Let me ask you a question. What you have to prove in order to get to the shortcut in getting rid of this person and sending him overseas, what you have to prove is an aggravated felony. Okay. What you have to then show is that there's amount of money involved. In the crime that he was convicted of, you don't have to show the amount of money involved. So you have to show, it seems to me, some outside evidence, which we allow in the modified categorical approach, that we can be content that there was the amount involved. Now, how are you going to do that? What documents do you have that show that? Now, so far you've told us there is the superseding information. But it only tells us the amounts. It doesn't tell us what the jury decided. And as Judge Kuczynski pointed out, there would probably be an objection by you if they put that, by the government, if they put that burden on the government. So we don't know what facts the jury has found as to amount. We know conviction. And it's unlikely that we're going to find out anything more other than the information. So where does that leave you? What additional document do you have under the modified categorical approach that can tell us the amount of money that the jury found? Let me just first clarify. The relevant inquiry is whether the amount that the jury found was over $10,000. What we also have in addition to the superseding information is the judgment of conviction. As this Court recognized in Alvarez-Garcia and in Parker, it is possible for a judgment of conviction for the jury to simply state, we find the defendant guilty of 18 U.S.C. Section 371. There's no question. And if the particular charge said to the jury you have to find over $10,000 or $15,000, we know they found over $10,000 or $15,000, but here they didn't have to make that finding. So those lines of cases, it seems to me, aren't going to be of very much help to you. I believe that it's the exact same situation as in Alvarez-Garcia. What this Court found in Alvarez-Garcia is that where the indictment charges allegations, makes allegations that are not necessarily elements of the offense charged. So if in this case it would be allegations as to the amount of loss, and the jury comes back with a finding that the defendant in Alvarez-Garcia was simply guilty as charged, this Court found that that was sufficient to demonstrate that the jury had found the defendant guilty of all of the elements in the supersiding. In that case of generic burglary, correct, in Alvarez? That's right. In Parker, Parker involved a case with a nonspecific jury verdict. So the jury verdict... How about Taylor itself? Didn't Taylor say you have to be very certain that the jury found all the elements of the generic offense? Isn't Taylor the comprehensive on this? It is. It is a Supreme Court, after all. It is, and this Court interpreted Taylor in Alvarez-Garcia and Parker and specifically stated we don't read Taylor to mean that the government has to produce jury instructions in every case, that if there are other documents that prove that the jury convicted the defendant of the act... Let me ask you this. What evidence do we have that the jury even saw the information? There's case law that... I'm just wondering, do we know that the jury even saw? It's an assumption when the jury verdict specifically references the information or the indictment that the jury verdict must be read in light of that information or indictment. And I can cite a 1920 Supreme Court case standing for that sort of basic proposition that when the jury doesn't simply find the defendant guilty of a specific statutory offense but finds the defendant guilty as charged, it specifically says in counts one through eight of the indictment, and then it says, and those counts involve the following statutory offenses. And in this case, so in this case you have the superseding indictment, getting back to your question, the superseding indictment, the judgment of conviction, and then the sentence, the nine-level enhancement based upon... The sentence. It seems to me that's the place you have to go. Well, Parker is pretty strong on this about the charging document and the verdict form, if it tells a certain amount, but we don't have any of that here. So then we come to the question posed by Judge Graber, and that is, we had a judge sitting there watching the whole thing. The judge knows what's going on. When the judge sentences to this large amount of money, isn't that judicial finding sufficient? But your colleagues in opposition say, but all of the law says the jury has to make that factual determination. That is, the jury is the one who decides he's guilty. The jury has to decide also the amount. And so that's the question we have before us now, which we haven't directly faced before. And why is it, why would you conclude that it's a good idea or appropriate under the law, that we can look to the sentence imposed by the judge who does not know what the jury found as regards the amount involved? Why can we tie the two of those together to conclude what you'd like to have us conclude? I'd like to hear your answer to that. Okay. In the first place, the sentence that is imposed has to be, there has to have been some evidence. The nine-level enhancement is based only on the amount of loss. And so there must have been some evidence presented at trial that would, or there must have been some evidence in the case that would support this nine-level enhancement. I believe... That's the problem. And then we say, where did it come from? Well, we can assume perhaps the judge listened and he made a factual determination during the trial, or we can assume it came from the pretrial order. And then we run into the case and say you can't rely on the pretrial order. So how do we get around that one? I think the way you get around it, and the cases that say that you can't rely on the PSI, so far all that they've said is that you can't rely on either the PSI alone or the PSI combined with the charging document where there is no judgment of conviction. They've never held that the indictment or information, the PSI, and a judgment that's based upon an element of the aggravated felony isn't sufficient. So I think what you have to do is you have to look at all of the burden on the government was to prove by clear and convincing evidence that Mr. Lee was convicted of an aggravated felony. In order to do that, you have to look at all of the documents in the record together. And you have the superseding information, which charged specific amounts of loss. You have a judgment. And I'd actually just briefly respectfully disagree with what I believe Parker actually says, is that a jury verdict that only says we find the defendant guilty of 18 U.S.C. Section 371 is not sufficient. It doesn't stand for the proposition that the jury verdict has to actually say we find the defendant guilty of over $10,000 if it simply specifically references the information which contains allegations of loss. Then that's a specific jury verdict form under this Court's decision in Alvarez, and that's sufficient. But in conjunction with that, then you have this nine-level enhancement based upon the amount of loss. And whether it's entitled to the same, it's still evidence. The question in this case is whether the evidence below, whether the government met its burden. And certainly a nine-level enhancement based upon the amount of loss, based on a finding by a judge who presided through the trial, is evidence of the amount of loss. What do you make of Lerner-Chacon v. Ashcroft, where we said very clearly that the only thing that matters is what defendant was convicted of, not the facts of the underlying offense? So the fact that you've got some finding that, in fact, the loss was much bigger doesn't matter under Lerner-Chacon. You don't know Lerner-Chacon because your client lost that case. Right. You're familiar with the case, right? Papusandu handled it. Anyway, what do you make of that? I mean, this is a three-judge panel of our court from last year. It says, although we may look at the charging paper and judgment conviction to determine the actual offense the defendant was convicted of qualifies as a crime of violence, we do not, however, look to the particular facts underlying the conviction. I agree. What we look at is what the jury convicted him of, the things that were the elements of the conviction, the fact that his actual conduct was worse than that is something we don't look at. How do you distinguish? How do you distinguish Lerner-Chacon and the Yeh case? I don't believe I need to distinguish them. I believe what those cases say is that in order to assume you need to distinguish it. I believe what the Just imagine that it might make a difference. How would you distinguish it? I mean, if you don't want to, then maybe when we go back to conference and if it turns out we need to distinguish it, we won't have your answer. So if you don't want to answer, it's okay. Feel free. But if you think you would like us to know how you would distinguish it, now is the time to do it. First, those cases dealt with, to the extent that they deal with a pre-sentence investigation report and the weight this court gives or doesn't give to that report, as I just said, this court has only considered the PSI alone or with the charging document. It has never considered all of those documents combined with a judgment of conviction and combined with a sentence that's based on the aggravated felony offense. You know, this is not alchemy. This is not one of those things where you just keep adding things and mixing them in a bowl. We have principles. This is law. And what our cases seem to say, which you have to come to grips with, is that what we look for is what the jury convicted the petitioner of, what they convicted him of, and the things that they convicted him, he's bound by those. The fact that his actual conduct is determined to be different and worse than the jury convicted him doesn't matter. That's what I read this case to say. That's what I read the other case to say. And if that's true, then none of this other stuff matters. The only thing that matters are the elements of the offense as presented to the jury. And our argument is that we're not arguing that you need to look to his underlying conduct. Our argument is that if you look to the information But I think you are. I think Isn't the amount of money underlying conduct? He's convicted of a fraud, but not of any money. Judge Kaczynski's saying, and I think the question is one that you need to confront, Judge Kaczynski's saying you can't get it anyway in this case, no matter what you do, because it's outside the element of the crime. Well, then this Court has just nullified the modified categorical approach. For this crime. If I could just complete my sentence. Sure. I thought you ought to. Go ahead. Our argument would be that the jury did, in fact, based on the fact that the based on the information and the judgment, which specifically references all eight counts, that the jury did convict Mr. Lee of the amount of loss. So this Court does not need to look to underlying conduct. All this Court needs to look to is what the documents in the record indicate that the jury convicted Mr. Lee of. We believe that's consistent with the modified categorical approach. Without any evidence that the jury had even one, any proof presented to it as to the amount of loss. With no assurance whatsoever that they considered amount of loss at all. Well. Just because they convicted and the indictment or the information happens to be very broad, even though they looked at no proof of loss, you think that's enough? Well, under Alvarez, yes. And in many cases, this Court has, I believe what this Court has said is that it's not going to look to the underlying facts that were presented at trial. All it's going to look to is the information. And it's clear that when a judgment specifically references the information, that the judgment must be read in light of that information. In addition in this case, again, there's the sentence. I think we understand your position. Thank you. And I think we understand your position, too. There's only one thing I'd like to add to complete my answer to the last. Cases are often lost in rebuttal. Pardon me? Cases are often lost in rebuttal. But go ahead. I would like to bring the Court's attention to the Chang case. In the Chang case, it was also a fraud. The individual is convicted of a particular count that involved less than 10,000. We cited it in our brief, throughout the brief. There wasn't that different, though, because that was a plea to one of the counts. And the other counts, it was clear that there was no conviction. And here you have a conviction on all counts. Well, that's true. The reason it's important is because when the judge looks for sentencing purposes at a lost figure, the judge can consider loss quite broader than the actual counts the individual is convicted of. And in Chang, the loss, the total loss was more than 10,000. But on the count he was convicted of, it was less. But because it was a plea agreement and the other counts were dismissed, it was clear from looking at the documents that that had happened. And that's not so clear here. And it's not so clear. The loss when the judge calculated the sentence might have been other loss on uncharged counts. It might have been other related activity that the government didn't bother to charge. The sentencing judge can consider that when calculating the, quote, unquote, loss for sentencing purposes. In Chang, they said it doesn't matter what the loss for the sentencing purposes is if the judge can consider plenty of other allegations that were not proven or pled to at trial. When the aggravated felony loss is determined, you can only look at the loss associated with the actual counts you are convicted under. And, in fact, Chang even has language that says it needs to be proven to a jury. And that was part of their reasoning in saying it was just at trial. But I guess the counterargument here is we know that something was proved to a jury because they found him guilty as charged in counts one through eight of the information. Not in this case, I'll do it again. Not in this case. They didn't find him guilty of counts one through eight. Not as charged in. That language is from Alvarez. It's not from the judge. They found him guilty of counts one through eight of the superseding indictment. Okay. In Chang, the plea agreement was specifically only for a count that explicitly was under $10,000. So I think the situation seems very different to me. It's a little different, but that's what gave the immigration court the evidence of the fact that the loss attributable to the actual count wasn't $10,000. In that case, there was plenty of evidence that the fine or the restitution imposed because of the total loss was more than $10,000, and this Court said that doesn't matter. In this case as well, even if we can deduce that the judge found more than $10,000 loss based on this proposed sentence, it doesn't mean that that's the loss the judge found on the counts he was convicted of because the government could introduce other unindicted acts for part of that loss calculation. So like Chang, it may have been that more than $10,000 loss might have been as a result of other acts not described by the counts he was actually convicted of. Let me ask you a question. Suppose a defendant had waived jury, and this was a judge trial rather than a jury trial, and the judge listened to all the evidence, he pronounced him guilty as charged, and then sentenced him and imposed the sentence he did, which indicated that the judge believed that the violation was well above the necessary amount. Would that be sufficient? Only if there's evidence in the record that when the judge made that amount determination, it was loss associated with the actual counts he was convicted of. Yeah. And how would you prove that? Well, you'd have to look at the actual record. You'd have to look at what the evidence was, the prior fact. In this case, the judge found it to be true. Yeah. And if there's a pre-sentence report, you'd look at that. Well, under this court's case law, you cannot. Where would the judge get the information except at a pre-sentence report? All he's got is what the man testified to or what the evidence testified to in the trial. So we can assume because the judge follows the law, he's only going to look at that, and then we can assume that if he got it anyplace else, it would be on the record because a judge could never do it otherwise, and so we can find out very easily. So my question to you is if a judge could do this, that is, a judge could just assume we've gone that far and you don't fully agree with this, I'm sure. Let's assume that a judge hearing the case alone could then impose a sentence which would tell us sufficient. Then what is wrong with the judge and jury doing it? The judge is sitting there. The judge is assessing the facts. The judge makes a determination as to amount.  Well, I think that all the language in the case law that says proven to a jury or determined as true by a jury has to be understood to be prior of fact. Because juries were there at that time. But I'm saying, I'm suggesting to you that we haven't answered this question yet. So just assume that even though we've mentioned juries because juries was the question there, that this question is still left open. I understand. How would you argue against it? Well, because I think the word jury could be replaced with prior of fact, and the same analysis has to apply. And if the judge is determining the facts, again, the burden is on the government to come up with some evidence that this is what the judge found to be true. I want to ask you a question about the PSR. Let's suppose a PSR is not helpful in this analysis usually because it may bring in additional evidence beyond the crimes of conviction. That's your main argument. But let's suppose the PSR demonstrates the opposite. Let's suppose it says there is no other relevant conduct. The only thing that this person has done wrong are the things that are charged. And based on what is in front of the jury, this is my recommendation, says the writer of the report on the sentence. What if the PSR, therefore, demonstrates that there isn't anything else other than the crimes of conviction? Is it your reading of our cases that even in that situation, it can't be looked at to demonstrate what the government has to demonstrate? Yes, Your Honor. That is what the case is. I understand it to be that the information in the PSR doesn't necessarily come from the evidence presented at trial. It comes from the investigation. Right. But my hypothetical is that the PSR affirmatively says there isn't anything else. There's nothing else for you to consider. Would that assist the government in carrying its burden? Because there wouldn't be anything else. Well, my answer is no, Your Honor, because it all goes back to what the trier of fact, the jury or otherwise, determined to be true. And that's what the person is convicted of. And that's the extent of the analysis. And to the extent that the PSR doesn't actually reflect that, it's not relevant in that inquiry. I kind of question you. Thank you, Your Honor. The case is signed. We'll stand to vote. We are adjourned. Thank you, Your Honor. Thank you. Thank you.
judges: Wallace, Kozinski, Graber